UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

MALEC HOLDINGS II, LTD.,

        Plaintiff,

        v.                                  Case No. 04-C-991

CHRISTOPHER SEAN ENGLISH,
ANITA ENGLISH, IRA B. ROBINS,
and ROBERT MIHELICH,

        Defendants.
_____

ORDER

Plaintiff Malec Holdings II, Ltd. ("Malec") filed a complaint against the named defendants alleging violations of 42 U.S.C. § 1983 and Wisconsin common law. The facts disclose the following: In May 2004, Christopher and Anita English and C.S. English Golf, LLC, filed an action in Waukesha County (Wisconsin) Circuit Court against Malec and the Town Bank of Delafield. Attorney Robert Mihelich represented the plaintiffs in that action.

Malec apparently did not file an answer in that case, and on October 5, 2004, the circuit court granted the plaintiffs' motion for default judgment against Malec in the amount of $478,478.12. On October 8, 2004, Attorney Mihelich filed a garnishment summons and complaint upon the Town Bank of Delafield–the bank where Malec had accounts–and in response, the bank froze

Malec's accounts which made it difficult, if not impossible, for Malec to carry on as a business.

On October 21, 2004, the circuit court vacated the default judgment and garnishment on the ground an affidavit of service sworn by Ira Robbins (an agent for the plaintiffs) was deficient in several respects.

Malec filed this federal lawsuit to recover for damages it suffered as a result of its accounts being frozen. Malec contends the default judgment and resulting garnishment were possible only because Mihelich and Robbins, with the approval of the Englishes, filed certain affidavits which were false, improper, exaggerated, and legally deficient. Malec contends the defendants' actions deprived them of their right to due process under the Fifth Amendment of the U.S. Constitution, constituted an abuse of legal process, and perpetrated a fraud on the court.

The defendants have moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and for the reasons that follow, the court is obliged to dismiss the action.

The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and it "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the

United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). A plaintiff runs afoul with the doctrine when he "'seeks to set aside a state court judgment,'" *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir. 2001) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)), and this happens when a plaintiff "directly seek[s]" to set aside a state court judgment," *Taylor v. Fannie Mae*, 374 F.3d 529, 532 (7th Cir. 2004), or raises a claim in federal district court which is "inextricably intertwined" with a state court judgment, *i.e.*, indirectly seeks to set aside a state court judgment. *Taylor*, 374 F.3d at 533; *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citing *Remer*, 205 F.3d at 996).

The practical test for whether a federal claim is "inextricably intertwined" with a state court judgment is whether the federal claim seeks to remedy an injury "caused by a state court judgment." *Taylor*, 374 F.3d at 533. A state court judgment generally causes an injury underlying a federal claim when the injury would not have occurred in the absence of the judgment. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 557 (7th Cir. 1999).

However, even if a state court judgment caused an injury underlying a federal claim, the claim is not inextricably intertwined with the judgment within the meaning of the *Rooker-Feldman* doctrine so long as "the plaintiff did not have

-3-

a reasonable opportunity to raise the [claim] in state court proceedings." *Long*, 182 F.3d at 558. A plaintiff did not have a reasonable opportunity to raise the claim in state court proceedings if she can demonstrate "some action [was] taken by the state court or state court procedures [were] in place" which precluded the presentation of the claim. *Id.* A plaintiff makes this showing by directing the district court to "state laws, state court procedures or other impediments that would stand in the way of [bringing her claim] in state court proceedings." *Taylor*, 374 F.3d at 535.

Here, the court concludes the injury underlying Malec's § 1983 claim was caused by a state court judgment within the meaning of the *Rooker-Feldman* doctrine. The damages underlying Malec's § 1983 could not have occurred without the default judgment and resulting garnishment, and Malec's injury was therefore caused by the judgment.

Malec contends even if the state court judgment caused the injury underlying its § 1983 claim, the claim is still not inextricably intertwined with the judgment because it (Malec) never had a reasonable opportunity to present the claim to the state court. The court cannot abide this contention. Malec fails to show it actually tried to present this claim to the state court, and it fails to direct the court to anything in the Wisconsin statutes or rules which would have prevented it from doing so. As such, the court is simply unaware of any barriers

preventing consideration of this claim by the state court. *Cf. Taylor*, 374 F.3d at 535. Consequently, the court is constrained to conclude that § 1983 claim is inextricably intertwined with the state court judgment within the meaning of the *Rooker-Feldman* doctrine, and the court therefore lacks subject matter jurisdiction over the claim. Accordingly, the § 1983 claim must be dismissed.

The court's lack of subject matter jurisdiction over the sole federal claim in this case also means it lacks subject matter jurisdiction over Malec's pendant Wisconsin common law claims as well as the defendants' counterclaims. 28 U.S.C. § 1367; *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 962 (7th Cir. 1982).[1] Accordingly, these claims must be also be dismissed.

On final matter: The defendants have moved for sanctions against Malec's attorney and the attorneys' law firm pursuant to Fed. R. Civ. P. 11. With the benefit of today's order, the parties may wish to further confer with an eye toward reaching complete resolution of this entire matter. Accordingly, the court will dismiss the Rule 11 sanctions request without prejudice and at the same time grant the defendants leave to refile their request within 60 days of this order, if necessary.

---

[1] Malec's complaint does not allege there is diversity jurisdiction under 28 U.S.C. § 1332.

-5-

Accordingly,

IT IS ORDERED that the plaintiff's motion to dismiss the defendants' counterclaims (Docket ##30, 62) be and the same is hereby DENIED AS MOOT;

IT IS FURTHER ORDERED that the defendants' motion to stay discovery pending resolution of the motions to dismiss (Docket #36) be and the same is hereby DENIED AS MOOT;

IT IS FURTHER ORDERED that the plaintiff's motion for extension (Docket #45) be and the same is hereby DENIED AS MOOT;

IT IS FURTHER ORDERED that the plaintiff's motion to strike (Docket #47) be and the same is hereby DENIED AS MOOT;

IT IS FURTHER ORDERED that the defendants' motions for sanctions (Docket ##38, 41, 42) be and the same are hereby DENIED without prejudice;

IT IS FURTHER ORDERED that the defendants' be and the same are hereby GRANTED leave to refile the Rule 11 sanction request at any time during August 2005;

IT IS FURTHER ORDERED that the defendants' motions to dismiss pursuant for lack of subject matter jurisdiction (Docket ##32, 34, 35) be and the same are hereby GRANTED; and

-6-

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED for lack of subject matter jurisdiction.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2005.

BY THE COURT:

s/J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge