UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

MALEC HOLDINGS II, LTD.,

        Plaintiff,

        v.                                       Case No. 04-C-991

CHRISTOPHER SEAN ENGLISH,
ANITA ENGLISH, IRA B. ROBINS,
and ROBERT MIHELICH,

        Defendants.
_____

**ORDER**

      Plaintiff Malec Holdings II, Ltd. ("Malec") filed a complaint against the defendants on October 12, 2004, alleging violations of the Fifth Amendment of the U.S. Constitution, 42 U.S.C. § 1983, and Wisconsin common law, all in reference to proceedings in an underlying state court action. That action began in May 2004, when Attorney Robert Mihelich, acting on behalf of Christopher and Anita English and C.S. English Golf, LLC, filed an action in Waukesha County (Wisconsin) Circuit Court against Malec and the Town Bank of Delafield.

      Malec did not file an answer in that case, and on October 5, 2004, the circuit court granted the plaintiffs' motion for default judgment against Malec in the amount of $478,478.12. On October 8, 2004, Attorney Mihelich filed a garnishment summons and complaint naming the Town Bank of Delafield, the bank where Malec had accounts, and in response, the bank froze Malec's accounts. On October 21, 2004, the circuit court vacated the default judgment and garnishment on the ground

that the affidavit of service sworn to by Ira Robbins (an agent for the plaintiffs) was deficient in several respects.

Malec filed this federal lawsuit seeking an injunction to prevent the defendants from pursuing their garnishment action and to recover for damages it suffered as a result of its accounts being frozen. Malec contends the default judgment and resulting garnishment were possible only because Mihelich and Robins, with the approval of the Englishes, filed certain affidavits which were false, improper, exaggerated, and legally deficient. Malec contends the defendants' actions deprived it of its right to due process under the Fifth Amendment of the U.S. Constitution, constituted an abuse of legal process, and perpetrated a fraud on the court.

On June 15, 2005, this court dismissed Malec's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and it "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The court concluded that the injury underlying Malec's federal

claim was caused by a state court judgment, and therefore, Malec's complaint fell within the scope of the *Rooker-Feldman* doctrine.

Additionally, in the June 15, 2005 order, the court dismissed the defendants' motions for Rule 11 sanctions with leave to refile them within 60 days of the order.

Presently before the court are several motions: (1) on August 15, 2005 the defendants filed their second motions for sanctions, (2) in response, on August 19, 2005, Malec filed a motion to strike the defendants' motions for sanctions, and (3) on August 17, 2005, Malec filed a motion for reconsideration. The motions being fully briefed, the court will now address them in turn.

**I. Defendants' Motions for Sanctions**.

The defendants' second motions for sanctions allege that Malec's complaint was frivolous and filed for improper purposes. The defendants seek $103,888.82 in attorney's fees and costs as well as other sanctions against Malec's attorney, Sean Lanphier, and his law firm, Mallery & Zimmerman, S.C.

Rule 11(c) permits the court to impose sanctions if the court concludes that counsel neglected to make reasonable inquiry into the law and the facts before filing a complaint, even if the attorney is convinced of the justice of his or her client's cause. *See Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). In *Brown v. Federation of State Medical Bds.*, 830 F.2d 1429, 1435 (7th Cir. 1987), the Seventh Circuit described the factors a district court should consider when determining whether the attorney in question made a reasonable inquiry into the law. *Id.* The *Brown* court stated that the district court

considers: "the amount of time the attorney had to prepare the document and research the relevant law; whether the document contained a plausible view of the law; the complexity of the legal questions involved; and whether the document was a good faith effort to extend or modify the law." *Id.*

Additionally, the Advisory Committee Notes to Rule 11 suggests the following factors may be proper considerations for the court in determining whether sanctions are warranted:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants . . .

Fed R. Civ. P. 11 advisory committee's note of 1993.

Malec points out that the *Rooker-Feldman* doctrine is not easily defined and has not been uniformly applied by district courts. (Pl.'s September 6, 2005 Br. 9.) The recent U.S. Supreme Court decision, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), clarified the proper scope of the *Rooker-Feldman* doctrine. In *Exxon*, the Court noted that lower courts have interpreted the doctrine differently, at times expanding the doctrine far beyond the contours of the *Rooker* and *Feldman* cases. *Id.* at 292. The Seventh Circuit also recognized that determining the proper scope of the *Rooker-Feldman* doctrine raises difficult questions. *See Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir.

1999) (noting that when determining whether the Rooker-Feldman doctrine applies, "it is often difficult to distinguish whether the injury alleged by a federal plaintiff resulted from the state court judgment itself or is distinct from that judgment."); *see also Hoover v. Wagner*, 47 F.3d 845, 849 (7th Cir. 1995) (the court sidestepped "difficult issues concerning the scope of the *Rooker-Feldman* doctrine.")

Given the complexity of the *Rooker-Feldman* doctrine, the court concludes that even after reasonable inquiry into the law Malec could have reasonably concluded that it had a valid claim. Moreover, the record indicates that Malec was required to file its claim expeditiously because its bank accounts were about to be frozen and it was seeking to restrain the defendants' from pursuing their garnishment action. (Lanphier Aff. ¶¶ 15-16.)

After considering the rushed circumstances surrounding the plaintiff's complaint and the uncertainty surrounding the proper scope of the *Rooker-Feldman* doctrine, the court concludes that Malec's claims do not sufficiently rise to a level that might in other circumstances warrant sanctions.

**II. Malec's Motion to Strike the Defendants' Motions for Sanctions.**

On August 19, 2005, Malec filed a motion to strike the defendants' motions for sanctions asserting that the defendants violated Rule 11's safe harbor rule by filing their motion for sanctions at the same time they served Malec with their motions. Under Rule 11(c)(1)(A), a motion for sanctions must be served, but it may not be filed with the court until the opposing party has had 21 days to decide whether to withdraw the supposedly offending filing. *Id.* The defendants assert

that they "substantially complied" with Rule 11's safe harbor provision. (Def.'s August 24, 2005 Resp. Br. 2.)

In *Nisenbaum v. Milwaukee County*, 333 F.3d 804 (7th Cir. 2003), the Seventh Circuit determined that a motion for sanctions substantially complied with Rule 11(c)(1)(A) when the moving party sent the opposing party a letter rather than a motion which alerted the opposing party to the supposedly offending pleading. *Id.* at 808. Similarly, the defendants in this case assert that they substantially complied with Rule 11's safe harbor provision by sending Malec letters more than 21 days prior to their Rule 11 motions and that these letters alerted Malec to their view that Malec's claims were frivolous and unsupported by law and that the defendants would file a motion for Rule 11 sanctions if Malec did not withdraw its complaint. Specifically, a December 9, 2004 letter from Attorney Mihelich to Malec's attorney, Sean Lanphier, states that the defendants viewed Malec's claims to be frivolous, provided reasons for their views, and indicated that they intended to file a motion for sanctions unless Malec withdrew its complaint. (Mihelich February 11, 2005 Aff. Ex. A.) The contents of the defendants' letters suggest that the defendants substantially complied with Rule 11's safe harbor provision in accordance with the *Nisenbaum* opinion.

The court notes that the safe-harbor provision in this instance could be considered an unnecessary formality given that Malec could not withdraw or correct the challenged papers in the defendants' post-judgment motions for sanctions. Regardless of whether the defendants substantially complied with Rule 11's safe

harbor provision or whether the provision would be an empty formality in this instance, given that the defendants' motions for sanctions will be denied for the reasons stated above, Malec's motion to strike the defendants' motions for sanctions will be denied as moot.

**III. Malec's Motion for Reconsideration.**

On August 17, 2005, Malec filed a motion for reconsideration of this court's June 15, 2005 order. Malec did not specify under what procedural rule it made its motion for reconsideration. Federal Rules of Civil Procedure 59(e) and 60(b) govern post-judgment motions attacking the merits of a district court's decision and can be used to have a court correct a judgment.

Rule 59(e) permits a district court to entertain a motion to alter or amend a judgment. *See Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995). A claimant can invoke the rule to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact. *Id.* citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191-92 (7th Cir. 1990). Rule 59(e) must be invoked, however, within 10 days of the entry of judgment. Fed. R. Civ. P. 59(e). Malec's motion for reconsideration was made two month's after the entry of judgment dismissing its claims.

Because Malec's motion was made after 10 days from the entry of the June 15 order, Malec's motion will be characterized as a motion pursuant to Fed. R. Civ. P. 60(b). Under Fed. R. Civ. P. 60(b), upon motion a court may relieve a party from certain substantive errors in a final judgment or order. Rule 60(b) relief

is an extraordinary remedy and is granted only in exceptional circumstances. *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.1994).

In its motion for reconsideration, Malec asserts that the recent Supreme Court decision, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), renders this court's June 15, 2005 order dismissing its claims in error. Malec contends that the *Exxon* decision confined the *Rooker-Feldman* doctrine to cases where the plaintiff asks a federal court to overturn a state court judgment and that its claim sought damages caused by the garnishment, not to overturn the state court judgment. Malec asserts that this court's June 15, 2005 order expanded the *Rooker-Feldman* doctrine beyond it's proper scope by applying the doctrine to Malec's claim for damages caused by the garnishment.

In light of the *Exxon* decision, the Seventh Circuit recently held that the *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction when the plaintiff would not have the injury he or she now seeks to redress but for a state court judgment. *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) citing *Exxon*, 544 U.S. 280. Malec's complaint sought relief in the form of damages and an injunction preventing the defendants from pursuing their garnishment action. (Compl. ¶ 25.) But for the October 5, 2004 state court judgment, Malec would not have the injury in the form of the frozen bank accounts it sought to redress in federal court. Taking into account the clarification provided by the *Exxon* decision, which emphasized the narrowness of the *Rooker-Feldman* doctrine, the court concludes that Malec's claims still fall well within the doctrine's

scope which the Court determined to be confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284.

Even if the *Exxon* decision supported a conclusion that this court erred in dismissing of Malec's claims under the *Rooker-Feldman* doctrine, legal error by the court is not a permissible ground for a Rule 60(b) motion. In *Marques v. Fed Reserve Bank of Chi.*, 286 F.3d 1014, 1017-18 (7th Cir. 2002), the Seventh Circuit held that "legal error by the district court is not one of the specified grounds for such a [Rule 60(b)] motion. In fact it is a forbidden ground." *Id.* citing *Russell v. Delco Remy Division*, 51 F.3d 746, 749 (7th Cir. 1995); *See also Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 914-15 (7th Cir. 1989) (holding that a Rule 60(b) motion is not the proper avenue to address mistakes of law). In light of the foregoing, Malec's motion for reconsideration will be denied.

Accordingly,

**IT IS ORDERED** that the defendants' motions for sanctions (Docket ##69, 70, & 73) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike the defendants' motions for sanctions (Docket #80) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (Docket #79) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this  2nd  day of March, 2006.

BY THE COURT:

  s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge