**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

MALEC HOLDINGS II, LTD.,

        Plaintiff,

v.                                                       Case No. 04-CV-991

CHRISTOPHER SEAN ENGLISH,
ANITA ENGLISH, IRA B. ROBINS,
and ROBERT MIHELICH,

        Defendants.

_____

**ORDER**

On January 28, 2008, the defendants filed an expedited motion to compel unredacted versions of documents produced by the plaintiff during discovery. Specifically, the defendants seek an order compelling the plaintiff to produce an unredacted version of an email between attorney Sean Lanphier ("Lanphier") and John Malec ("Malec") dated October 11, 2004, and an unredacted version of three pages of notes written by Lanphier. (Mihelich Aff. Exs. J and K.) The plaintiff opposes the motion, asserting that the attorney-client privilege applies to the redacted communications.

The Seventh Circuit has long embraced the articulation of the attorney-client privilege first set forth by Dean Wigmore in his 1904 treatise *Evidence in Trials at Common Law*. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (collecting cases). Under this standard, the attorney-client privilege allows a party to withhold a communication from disclosure only when: (1) the party seeks professional legal advice from a professional legal adviser in that capacity; (2) the

communications relate to that purpose; (3) the communications were made in confidence by the client; and (4) the privilege has not been waived. *See id.* The party who invokes the privilege bears the burden of proving each element. *Id.* Because the privilege is in derogation of the search for the truth, it is construed narrowly. *Id.*

The defendants assert that the documents they seek are not protected by the attorney-client privilege because any privilege based upon attorney-client communication and/or work product has been waived by the plaintiff through prior disclosure. The defendants assert that the plaintiff waived its attorney-client privilege through the filing of the Malec's affidavit in Waukesha County Circuit Court. The defendants state that Malec's affidavit disclosed communications with his attorney, Lanphier, regarding service of process, the default judgment in state court, and legal strategy. In addition, the defendants note that the unredacted portions of the October 11, 2004 email they seek discuss service of process, the default judgment, the garnishment action, and legal strategy to obtain release of the garnished funds. (Mihelich Aff. Ex. J.)

The plaintiff opposes the motion to compel, asserting that the attorney-client privilege applies to the documents. The plaintiff contends that Malec's affidavit filed in Waukesha County Circuit Court did not waive any privilege because the affidavit contained general references to communications from Lanphier to Malec, and the affidavit did not contain details about the substance of those communications. The plaintiff notes that the attorney-client privilege belongs to the client and applies to the

client's communications to the attorney, and the affidavit at issue referred only to communications from the attorney, Lanphier, to the client, Malec. The plaintiff also asserts that the documents sought by the defendants are not relevant to the motion for sanctions currently pending. In addition, the plaintiff requests that the court strike the defendants' affidavit because it violates the two-page limitation set by Civil L.R. 7.4(b).

Voluntary disclosure of privileged information about a matter waives the privilege as to all information on the same subject matter. *See Lorenz v. Valley Forge Insurance Co.*, 815 F.2d 1095, 1099 (7th Cir. 1987) (holding that by offering an attorney's testimony to a specific communication, a client waives the attorney-client privilege as to other communications on the same subject matter); *see also Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005); *Vardon Golf Co. v. Karsten Mfg. Corp.*, 213 F.R.D. 528, 532 (N.D. Ill. 2003) ("the general rule is that voluntary disclosure of privileged communications waives the privilege as to all other communications dealing with the same subject matter.").

The scope of relevancy under Federal Rule of Civil Procedure 26 is broad. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (holding that relevant information "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

Here, the defendants demonstrate that the October 11, 2004 email exchange between Malec and Lanphier is relevant to the motion for sanctions, and that any attorney-client privilege as to that communication has been effectively waived. As demonstrated by the unredacted portion of the email, Malec voluntarily disclosed privileged communications dealing with Lanphier's representation of him, the service of process of the state court complaint, the default judgment entered in state court, the garnishment action, and legal strategy to obtain release of the garnished funds. (Mihelich Aff. Ex. J.) The plaintiff does not allege that the redacted paragraph of the email deals with a different subject matter. Therefore, the court concludes that any attorney-client privilege as to that communication has been waived. *See Lorenz*, 815 F.2d at 1099; *Fort James Corp.*, 412 F.3d at 1349. Accordingly, the court will grant the defendants' motion to compel an unredacted version of the October 11, 2004 email between Malec and Lanphier. (Mihelich Aff. Ex. J.)

The defendants, however, have not demonstrated the relevance of Lanphier's handwritten notes, or waiver of any privilege pertaining to those notes. The defendants assert that the redacted portions of those notes appear to be directly related to subject matter which has been previously disclosed. However, given that the vast majority of those notes have been redacted, and there is no additional context for the notes, the court is unable to determine the subject matter of the notes. Therefore, the court cannot conclude that any attorney-client or work-product privilege as to that communication has been waived. *See Lorenz*, 815 F.2d at 1099; *Fort James Corp.*, 412 F.3d at 1349. Accordingly, the court will deny the defendants'

-4-

motion to compel an unredacted version of Lanphier's notes. (Mihelich Aff. Ex. K.) In addition, even though the defendants' affidavit in support of their motion to compel exceeded the two-page limitation set by Civil L.R. 7.4(b), the court will permit the filing of the affidavit. The court notes that it would have reached the same conclusion in the absence of the additional pages.

One final matter, on March 9, 2007, Kevin M. Scott ("Scott") filed a motion to withdraw as counsel for defendant Robert Mihelich pursuant to Wisconsin Supreme Court Rule 20:1.16. It appears withdrawal can be accomplished without material adverse effect on the interests of defendant Robert Mihelich because he will continue to be represented by counsel if the motion is granted. However, as the court stated at the March 28, 2007 status conference, it does not appear that Scott has made arrangements with replacement counsel to ensure he would be adequately protected regarding any fee arrangement in the event there is an award. To avoid the potential of any additional disputes over attorney's fees, the court will deny the motion to withdraw without prejudice. Scott may re-file his motion demonstrating to the court that he has made arrangements with replacement counsel regarding any fee arrangement.

Accordingly,

**IT IS ORDERED** that the defendants' motion to compel (Docket #117) be and the same is **GRANTED** in part and **DENIED** in part. The plaintiff shall produce an

unredacted version of the document attached as Exhibit J to the affidavit of Robert M. Mihelich.

**IT IS FURTHER ORDERED** that the defendants' motion for leave to file the affidavit of Robert M. Mihelich (Docket #121) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Kevin M. Scott's motion to withdraw as counsel for defendant Robert Mihelich (Docket #101) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge